995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clifford Gene BLACK, Defendant-Appellant.
 No. 92-10419.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 27, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clifford Gene Black appeals his conviction, following a jury trial, for interfering with federally protected activities and aiding and abetting in violation of 18 U.S.C. §§ 2, 245(b)(2)(F). Black contends that the evidence was insufficient to support his conviction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "In reviewing the sufficiency of the evidence, ... [we] must determine whether, assessing the evidence in the light most favorable to the Government, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. McInnis, 976 F.2d 1226, 1230 (9th Cir.1992) ( quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 4
 To prove a violation of section 245(b)(2)(F), the government must show that the defendant acted with the specific intent to injure, intimidate or interfere with the victim because of his race and because of his use of a public facility. 18 U.S.C. § 245(b)(2)(F). A jury may infer that the defendant acted with the requisite specific intent based on circumstantial evidence. See, e.g., McInnis, 976 F.2d at 1230-31; United States v. Skillman, 922 F.2d 1370, 1373 (9th Cir.1990).
 
 
 5
 Here, Black and a companion approached Edgar J. Markham, Jr., an African-American male, who was checking the oil in his car at a Fastrip convenience store and gasoline station ("Fastrip") in Oildale, California. Black was shirtless and had tattoos on his upper body symbolizing his belief in white supremacy.[1] Black called Markham a "nigger" and asked Markham what he was doing in Oildale. Markham attempted to leave but Black swung at him. Black and his companion forced Markham towards the street and Black stabbed Markham several times in the arm, back, and neck before fleeing with his companion.
 
 
 6
 At trial, Black's sister and a friend, Steve Tatum, testified that Black dislikes black people. Tatum also testified that on the night of the attack, Black admitted he had "stabbed a nigger." Federal Bureau of Investigation ("FBI") Agent Scott Saxon testified that Black admitted he dislikes black people and stated "he could understand why a Black person would be stabbed in Oildale and he probably got stabbed because he was in Oildale." Michael Dowdy, a Wasco State Prison official, testified that Black stated the FBI probably wanted to question him about "that fucking nigger that got stabbed in the neck in Oildale" and "if that nigger in Oildale got stabbed, he probably had it coming, because he shouldn't have been in Oildale." In addition, the government introduced a pretrial note, written by Black to another inmate in Wasco State Prison, which stated:
 
 
 7
 What I told Markham was, 'Nigger, what are you doing in Oildale? Get your fucking nigger ass out of my 'hood.' Then I stabbed him. He tried to run, but I stayed on him. I stabbed him about five times. And all the time I called him 'nigger' and told him to get out of my 'hood.
 
 
 8
 Black contends that the evidence was insufficient to support his conviction because the government did not prove that he intended to deprive Markham of the use of a public facility. This contention is meritless. Black's expressed hatred of African-Americans, his indiscriminate attack on Markham, his statement to Markham "What are you doing in Oildale? Get ... out of my 'hood," and his statements to government officials that Markham was probably stabbed because of his presence in Oildale, all support the conclusion that Black carried out the attack with the intent of preventing Markham from remaining on the Fastrip premises. Based upon the evidence, a rational jury could have inferred that Black's conduct was intended to deprive Markham of the use of a public facility. See McInnis, 976 F.2d at 1230-31; Skillman, 922 F.2d at 1373. Accordingly, the evidence was sufficient to support Black's conviction.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At trial, the government introduced photographs of Black's tattoos and expert testimony regarding their significance. The tattoos include a swastika with the term "stoner" written inside, a swastika with two lightning bolts, the words "white" and "power" on his left and right forearms, the initials "WP," and a skull wearing a hat and hatband with the initials "NLR," which the expert testified stand for "Nazi lowrider."